IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KATHERINE H. HOLT,

    Plaintiff,

v.                                                 Civil Action No. 3:18-cv-503

FOOD LION GROCERY STORE
OF CHESTER, et al.,

    Defendants.

**MEMORANDUM OPINION**

This matter is before the Court on PLAINTIFF, KATHERINE H. HOLT'S MOTION TO REMAND (ECF No. 2), which, for the following reasons, will be denied.

**BACKGROUND**

**I.    Procedural Context**

In this action, Katherine H. Holt sues Food Lion Grocery Store of Chester, Delhaize America, Inc., and Food Lion, LLC (hereinafter "Food Lion") on a state law tort claim for a slip and fall that occurred at a Food Lion grocery store. Compl. at 1-5 (ECF No. 1-1). Holt initially brought this action in the Circuit Court for the City of Richmond ("state action"). Compl. at 1 (ECF No. 1-1). Food Lion removed the case to this Court on July 19, 2018 based on diversity jurisdiction. Notice of Removal (ECF No. 1). Holt moved to remand the case to state court on July 27, 2018 (ECF No. 2).

## II. Relevant Facts

There are two sets of relevant facts. The first relates to the citizenship of the parties. The second relates to the amount in controversy.

### A. Citizenship of the Parties

At the time of the filing of the state action and the filing of the Notice of Removal, Holt was a citizen of Virginia. ECF No. 1 at ¶ 4.

According to the Notice of Removal, Food Lion Grocery Store of Chester is not a legal entity. ECF No. 1 at ¶ 5. See also Aff. of Bruce Astrachan (ECF No. 1-3 at ¶ 2).[1]

Delhaize America, Inc. has a complex structure. Delhaize America, Inc. was a North Carolina corporation whose principal place of business was Salisbury, North Carolina. ECF No. 1 at ¶ 7. Delhaize America, Inc. has since become Delhaize America, LLC, a North Carolina LLC whose sole member is Delhaize U.S. Holdings, Inc., a Delaware Corporation whose principal place of business is Salisbury, North Carolina. Id. The sole member of Delhaize U.S. Holdings, Inc., is Ahold Delhaize USA, Inc., a Delaware corporation whose principal place of business is Quincy, Massachusetts. Id. The sole member of Ahold Delhaize USA, Inc., is Ahold Delhaize Investment Holding, Inc.,

---

[1] Mr. Astrachan represents that he is "Senior Counsel-Claims" for Retail Business Services LLC. Retail Business Services LLC "is an affiliate of, and provides administrative support, including legal support, for Food Lion, LLC." ECF No. 1-3 at ¶ 1.

a Delaware corporation (principal place of business unspecified). Id. The sole member of Ahold Delhaize Investment Holding, Inc., is Ahold Delhaize America Holding, Inc., a Delaware corporation (principal place of business unspecified). Id. The indirect parent of Ahold Delhaize America Holding, Inc., is Koninklijke Ahold Delhaize N.V., a Dutch public company whose principal place of business is located in the Netherlands. Id. The Notice of Removal squarely asserts that "Delhaize America, Inc. is not a citizen of the Commonwealth of Virginia." Id.

Food Lion, LLC is a North Carolina LLC (principal place of business unspecified). ECF No. 1 at ¶ 6. Its sole member is Delhaize America, LLC. Id. Delhaize America, LLC's structure is set out above. Again, the Notice of Removal squarely asserts that "Food Lion, LLC is not a citizen of the Commonwealth of Virginia at the time of the filing of this Notice of Removal and was not a citizen of the Commonwealth of Virginia at the time of the commencement of the State Court Action."[2] Id.

### B. Amount in Controversy

Holt's state action sought damages in the amount of $400,000. Compl. at 4-5 (ECF No. 1-1). In the Notice of Removal, Food Lion states that "[t]he amount in controversy. . .exceeds the sum of $75,000,

---

[2] This corporate maze is confusing, and one wonders why it exists. However, in her Motion to Remand (ECF No. 2), Holt admits the allegations in Paragraphs Four through Seven of the Notice of Removal (ECF No. 1), conceding that the citizenship of the parties is as Food Lion describes it in the Notice of Removal. ECF No. 2 at ¶¶ 4-7.

exclusive of interests and costs, as appears by copy of Plaintiff's Complaint." ECF No. 1 at ¶ 3.

Following Food Lion's Notice of Removal, Holt filed her Motion to Remand. ECF No. 2. In this motion, Holt sought to "answer the Notice of Removal filed in this District Court by the defendants," and specifically "avers that. . .Plaintiff admits the allegations in Paragraph 3" of the Notice of Removal. ECF No. 2 at 2; ECF No. 1 at ¶ 3. As quoted above, Paragraph Three of the Notice of Removal states that the amount in controversy exceeds $75,000. ECF No. 1 at ¶ 3.

Confusingly, after admitting that the amount in controversy exceeded $75,000, Holt also attached to her Motion to Remand an affidavit from her attorney, Brenda Page, stating that Page had filed an Amended Complaint pursuant to Fed. R. Civ. P. 15(a) reducing the ad damnum to $74,000 and that Page would not seek to increase the ad damnum above $74,000 if the case were remanded. Aff. of Brenda Page (ECF No. 2-1 at 1-2). Holt also attached (as an exhibit to her Motion to Remand) an Amended Complaint requesting $74,000 in damages.[3] Am. Compl. (ECF No. 2-2).

**DISCUSSION**

**A. Legal Standard for Removal**

"Federal courts are courts of limited jurisdiction and the threshold requirement in every federal case is jurisdiction." Lee

---

[3] The Amended Complaint has not formally been filed with the Court. It has only been filed as an exhibit to Holt's Motion to Remand. ECF No. 2-2.

4

v. Citimortgage, Inc., 739 F.Supp. 2d 940, 942 (E.D. Va. 2010) (Williams, J.). Typically, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Where a defendant seeks to remove a case from state to federal court, "it is the defendant who carries the burden of alleging in his notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter." Strawn v. AT & T Mobility, LLC, 530 F.3d 293, 296 (4th Cir. 2008). The removing defendant's burden of demonstrating federal jurisdiction "is no greater than is required to establish federal jurisdiction as alleged in a complaint." Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 200 (4th Cir. 2008). That said, the Court is mindful that "[b]ecause removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction." Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). If the Court determines it does not have subject matter jurisdiction over a removed case, it must remand the case back to the state court. See 28 U.S.C. § 1447(c).

At issue here is removal based on diversity of citizenship jurisdiction. This Court has original jurisdiction under diversity jurisdiction if the amount in controversy exceeds $75,000, exclusive

of interests and costs, and the parties are citizens of different States. 28 U.S.C. § 1332(a)(1). In removal cases, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy," subject to an exception not applicable here.[4] 28 U.S.C. § 1446(c)(2). See also Hatcher v. Lowe's Home Centers, Inc., 718 F. Supp. 2d 684, 686 (E.D. Va. 2010) (stating that amount in controversy is determined both at time of filing of state action and at time of removal); 16 Moore's Federal Practice – Civil § 107.56 ("The amount in controversy is determined based on the plaintiff's complaint at the time the removal notice is filed.").

As to citizenship of the parties, a natural person is a citizen of the state in which he or she is domiciled. See e.g., Sun Printing & Publ'g Ass'n v. Charles William Edwards, 194 U.S. 377, 382-83 (1904). A corporation is a citizen of the states in which it is incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); see also Hertz Corp. v. Friend, 559 U.S. 77 (2010) (establishing the "nerve center" test for determining a corporation's principal place of business). Complete diversity—meaning the citizenship of each plaintiff must be different from the citizenship of each defendant—is required. See,

---

[4] The statute permits the "Notice of Removal" to establish the amount in controversy if the initial pleading either (1) seeks non-monetary relief, or (2) seeks a monetary judgment, but state law does not permit a demand for a specific sum or allows a recovery in excess of the amount demanded. 28 U.S.C. § 1446(c)(2). This exception is not relevant here because the initial pleading requests $400,000 in damages.

e.g., Hoschar v. Appalachian Power Co., 739 F.3d 163, 170 (4th Cir. 2014).

Accordingly, where the parties are citizens of different states and the amount in controversy—as determined by the initial state court filing at the time of the filing of the notice of removal—satisfies the jurisdictional amount, then the case is removable to this Court under diversity jurisdiction.

### B. Post-Removal Changes to Amount in Controversy

This case raises a slight wrinkle because, following removal by Food Lion, Holt indicated that the amount in controversy is actually $74,000, therefore stripping (she argues) the Court of jurisdiction. ECF No. 2.

As explained above, in removal cases, the amount in controversy is governed by the plaintiff's state action complaint as it appears at the time of filing the notice of removal, provided that such amount is demanded in good faith. 28 U.S.C. § 1446(c)(2). The Supreme Court of the United States has held that a plaintiff "does not deprive the district court of jurisdiction" where, post-removal, he "reduces the claim below the requisite amount." St. Paul Mercury Indem. v. Red Cab Co., 303 U.S. 283, 292 (1938). See also Porsche Cars N. Am., Inc. v. Porsche.net, 302 F.3d 248, 255-56 (4th Cir. 2002) ("[T]he existence of diversity jurisdiction [is determined] at the time the action is filed, regardless of later changes in originally crucial facts such as the parties' citizenship or the amount in

controversy."); Hatcher, 718 F. Supp. 2d at 687 (collecting cases).

Hatcher provides a clear illustration of the rule. There, the plaintiff filed a state law tort claim for a similar slip-and-fall injury, claiming $3,000,000 in damages. 718 F. Supp. 2d at 685-86. The defendant properly removed the case. Id. at 686. After removal, the plaintiff filed an amended complaint reducing his claimed damages to $74,500, as well as a motion to remand the matter to state court. Id. Both parties later agreed through a consent order to lower the amount in controversy amount to $74,500. Id. Notwithstanding this agreement, however, the Court denied the motion to remand based on the weight of the case law and sound policy arguments.[5] Id. at 687-89. The Court was concerned about parties "unfairly manipulat[ing] judicial proceedings" by reducing the amount in controversy after removal, as well as "forum or judge shopping." Id. at 688-89.

Thus, once a case is properly removed to this Court, a plaintiff may not deprive the Court of diversity jurisdiction simply by amending the complaint to request damages below the jurisdictional amount.

---

[5] The Court did note that there were some cases where "post-removal stipulations reducing the amount in controversy" were considered "when a plaintiff's jurisdictional basis or claims are 'ambiguous' or 'indeterminate.'" Id. at 688 (citing several cases). The Court rejected such an argument in Hatcher because the "claim and jurisdictional basis were neither ambiguous nor indeterminate at the time of removal" since Hatcher claimed a fixed dollar amount of $3,000,000 and the defendant's notice of removal stated that the claim exceeded $75,000. Id.

8

## C. Analysis

The Court is satisfied that removal was proper in this case. The parties are citizens of different states. Holt is a citizen of Virginia (ECF No. 1). Food Lion Grocery Store of Chester is not a legal entity. Id. Delhaize America, LLC (formerly Delhaize America, Inc.) is a citizen of North Carolina based on incorporation and principal place of business. Id. Food Lion, LLC is a citizen of North Carolina based on its state of incorporation. The record is not entirely clear where its principal place of business is, but suggests it is North Carolina too. Further, Food Lion asserts that Food Lion, LLC is not a citizen of Virginia in its Notice of Removal. Id. at ¶ 6. Accordingly, the Court finds that none of the Defendants share citizenship with Holt; there is complete diversity of the parties.

The amount in controversy for purposes of removal in this case is the amount pleaded in good faith in the initial state action complaint, as viewed at the time the Notice of Removal was filed. Thus, the amount in controversy is $400,000, well in excess of $75,000. This was the amount both in the initial state action and at the time Food Lion removed the case. Nothing in the record indicates any bad faith on the part of the Plaintiff in claiming $400,000. The Court finds, then, that the requirements for jurisdiction under 28 U.S.C. § 1332(a) have been met and the case was properly removed pursuant to 28 U.S.C. § 1441(a).

Lastly, Holt's attempt to reduce her claimed damages

9

post-removal does not deprive this Court of jurisdiction. The cases cited above establish this rule.[6] Indeed, this case is nearly identical to the facts of Hatcher, wherein the plaintiff's state action claimed an amount well over the amount in controversy, the parties have diverse citizenship, and there is a post-removal attempt to reduce the amount of damages to below $75,000. See 718 F. Supp. 2d at 686. Likewise, the plaintiff in Hatcher "never objected. . .to removal based on [her] original complaint" but rather seeks "to lower the amount in controversy by amending the complaint after federal jurisdiction was perfected." Id. at 686-87. The only material difference between this case and Hatcher is that there is no agreement by the parties to allow the damages to be lowered. However, even with the parties' agreement, the Hatcher court did not permit remand since the amount demanded in the original state claim clearly established the court's jurisdiction. Id. at 688-89.

If the weight of the case law were not enough, the Court is also persuaded by strong policy arguments weighing in favor of denying

---

[6] Holt cites several cases in her opening brief, but none supports her position. In Brown v. Wal-Mart Stores, Inc., the Plaintiff's original complaint only sought $70,000 in damages, meaning it did not satisfy the amount in controversy. No. 5:13cv00081, 2014 WL 60044, at *1-3 (W.D. Va. Jan. 7, 2014). Likewise, Willoughby v. Kroger involved an original claim for damages of $74,900 and a Defendant who sought to show that such an amount was a bad-faith attempt by the Plaintiff to avoid removal. No. 6:17-cv-00067, 2017 WL 6063075, at *1-2 (W.D. Va. Dec. 7, 2017). Neither of those cases address the situation here where the plaintiff brought her original claim for an amount in excess of $75,000 and post-removal, tries to decrease her damages request to below the jurisdictional amount.

remand. If a plaintiff could strip a federal court of jurisdiction simply by reducing her damages amount after removal, it would encourage gamesmanship and needless litigation on a non-merit issue. A plaintiff filing suit against an out-of-state defendant must be aware that removal to federal court based on diversity of citizenship jurisdiction is possible if the amount in controversy is met. The Court will not countenance a result that permits a plaintiff to file a large damages claim in state court, wait to see if removal happens, and if it does, to then seek remand based on a lower amount of damages.

## CONCLUSION & ORDER

For the foregoing reasons, it is hereby ORDERED that the PLAINTIFF, KATHERINE H. HOLT'S MOTION TO REMAND (ECF No. 2) is denied.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: January 4, 2019

11